IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,908-01






EX PARTE DWIGHT BYRD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-12-00171-CRK-A IN THE 81ST DISTRICT COURT


FROM KARNES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault on a public servant and sentenced to life imprisonment. The Fourth Court of Appeals
affirmed his conviction. Byrd v. State, No. 04-08-00313-CR (Tex. App.-San Antonio, delivered July
1, 2009).

 Applicant contends, inter alia, that he was denied his right to a fair trial, and that his trial
counsel rendered ineffective assistance by failing to object, when he was tried before the jury in
handcuffs and shackles. He contends further that appellate counsel was ineffective for failing to
challenge the trial court's order that he be tried in handcuffs and shackles and the trial court's ruling
admitting photographic evidence of inflammatory, racist writings on the walls of Applicant's cell
on appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel and appellate counsel to file affidavits responding to Applicant's
claims of ineffective assistance of counsel. The trial court may also use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Likewise, the trial court shall make findings of fact as to whether the performance of Applicant's
appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 9, 2010

Do not publish